**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4498**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

      v.

LAMAR RICHARD LEE,

                 Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Chief District Judge. (4:12-cr-00105-RBS-LRL-1)

Submitted: January 22, 2014          Decided: March 7, 2014

Before WYNN and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Bryan L. Saunders, Newport News, Virginia, for Appellant. Timothy Richard Murphy, Special Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lamar Lee pled guilty to three counts of possession with intent to distribute cocaine, cocaine base, and heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2 (2012), and to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court sentenced Lee to 188 months' imprisonment on the drug counts and 120 months' on the firearm count, all to run concurrently. On appeal, Lee's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether Lee's sentence is reasonable. Lee has filed a pro se brief arguing that the district court abused its discretion by failing to sua sponte order a competency hearing. We affirm.

Lee contends that statements made by his counsel and the Government, the district court's decision to order a mental health evaluation in the judgment, and Lee's subsequent diagnosis of schizophrenia required the district court to hold a competency hearing. To prevail on his claim, Lee "must establish that the trial court ignored facts raising a bona fide doubt regarding [his] competency." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010). There is no fixed standard for when a competency evaluation must be ordered, and the

2

court's decision in this regard is reviewed for an abuse of discretion. Id. Upon examination, Lee is not arguing that he was incompetent to stand trial but that his mental health was a mitigating factor at sentencing for his offenses. We have thoroughly reviewed the record and conclude that none of the statements on which Lee relies raised a bona fide doubt about his competency.

Next, counsel questions the reasonableness of Lee's sentence. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We "first ensure that the district court committed no significant procedural error, such as failing to [properly] calculate . . . the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) [(2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." 552 U.S. at 51. When considering the substantive reasonableness of the sentence, we "take into account the totality of the circumstances." Id. If the sentence is within or below a properly calculated Guidelines range, we presume on appeal that the sentence is reasonable. United States v. Yooho Weon, 722 F.3d 583, 590 (4th Cir. 2013).

We conclude that the district court accurately calculated the applicable Guidelines range and did not commit

procedural error when sentencing Lee.   See United States v. King, 673 F.3d 274, 281-83 (4th Cir.) (holding that Alford[*] pleas count in calculating criminal history), cert. denied, 133 S. Ct. 216 (2012).   We also conclude that the district court provided sufficient reasons for its within-Guidelines sentence, basing its sentence on Lee's recidivism, the seriousness of his crimes, the danger that he posed to the public, and the lack of mitigating factors.   Given the district court's thorough explanation of its reasons, Lee has not rebutted the presumption of reasonableness that attaches to a within-Guidelines sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment.   This court requires that counsel inform Lee, in writing, of the right to petition the Supreme Court of the United States for further review.   If counsel believes that such a petition would be frivolous, but Lee nonetheless requests a petition be filed, counsel may move in this court for leave to withdraw from representation.   Counsel's motion must state that a copy thereof was served on Lee.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

---

[*] North Carolina v. Alford, 400 U.S. 25 (1970).

4

before this court and argument would not aid the decisional process.

AFFIRMED