An appropriate Order will issue.

**Lamar Richard LEE, Petitioner,**

v. -

**UNITED STATES of America, Respondent.**

Civil No. 4:14cv148.
Original Criminal No. 4:12cr105.

United States District Court,
E.D. Virginia,
Newport News Division.

Signed Jan. 7, 2015.

Lamar Richard Lee, pro se.

Timothy R. Murphy, United States Attorney's Office, Newport News, VA, for Respondent.

### MEMORANDUM FINAL ORDER

REBECCA BEACH SMITH, Chief Judge.

■ This matter comes before the court on Lamar Richard Lee's ("Petitioner") *pro se*[1] Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence ("Motion"), filed on October 27, 2014. ECF No. 66. On November 14, 2014, the court ordered the government to respond, ECF No. 68, and the government filed its Response on December 2, 2014. ECF No. 69. Thereafter, the Petitioner filed his untimely Reply to the Response of the United States ("Reply"). ECF No. 70.[2]

---

1. Because the Petitioner is proceeding *pro se,* the court liberally construes the submission. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978).

2. The Petitioner's Reply was filed subject to defect on December 29, 2014, as it was un-

For the reasons set forth below, the court **DENIES** the Petitioner's Motion.[3]

## I. FACTUAL AND PROCEDURAL HISTORY

On January 16, 2013, a federal grand jury in the Eastern District of Virginia indicted the Petitioner on six counts. Counts One and Two charged the Petitioner with Possession with Intent to Distribute Cocaine Base and Cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Indictment at 1–2, ECF No. 23. Count Three charged the Petitioner with Possession with Intent to Distribute Heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). *Id.* at 3. Counts Four and Six charged the Petitioner with Possession of Firearms by a Person Previously Convicted of a Felony Crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *Id.* at 4, 6. Count Five charged the Petitioner with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c). *Id.* at 5. The court appointed Bryan L. Saunders ("Saunders") to represent the Petitioner. CJA 20, ECF No. 20.

On March 18, 2013, the Petitioner pled guilty to Counts One, Two, Three, and Six of the Indictment. Plea Agreement, ECF

No. 36. The court sentenced the Petitioner on June 14, 2013, to one hundred eighty-eight (188) months imprisonment, consisting of one hundred eighty-eight (188) months on the drug charges and one hundred twenty (120) months on the firearm charge,[4] all to be served concurrently. J. at 2, ECF No. 46. Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1(a), the Petitioner was found to be a Career Offender, and his sentence was enhanced based on two prior state court convictions: Unlawful Wounding under Virginia Code § 18.2–51, and Possession with Intent to Distribute Cocaine under Virginia Code § 18.2–248.[5] Presentence Investigation Report ("PSR") ¶ 35, ECF No. 49. Saunders made no objections to the Career Offender finding in the PSR. *Id.* at A–1.

The Petitioner timely appealed his sentence on June 28, 2013. Notice of Appeal, ECF No. 50. Saunders filed a brief, in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), certifying that there were no meritorious issues for appeal but arguing that the Petitioner's sentence was unreasonable. On March 7, 2014, the Court of Appeals for the Fourth Circuit affirmed

---

timely and did not contain a certificate of service. However, in the interests of justice, the court will consider the Reply. The court **DIRECTS** the clerk to lift the defect and forward a copy of the Reply to the United States Attorney at Newport News.

**3.** The Motion, together with the files and other records of the case, conclusively show that the Petitioner is entitled to no relief. Accordingly, there is no need for an evidentiary hearing. *See* 28 U.S.C. § 2255(b); *United States v. Baysden*, 326 F.2d 629, 631 (4th Cir.1964).

**4.** Count Six of the Indictment, Possession of Firearms by a Person Previously Convicted of a Felony Crime, carries a mandatory mini-

mum term of one hundred twenty (120) months imprisonment.

**5.** The Sentencing Guidelines provide that a defendant is a career offender, subject to enhanced punishment, if

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The grounds on which Petitioner seeks relief in his Motion arise solely from § 4B1.1(a)(3).

the judgment of this court. *United States v. Lee*, 559 Fed.Appx. 251 (4th Cir.2014) (per curiam). The Petitioner did not file a writ of certiorari with the United States Supreme Court, and the time to do so has expired. Thus, the Petitioner's conviction became final on June 5, 2014.[6]

On October 27, 2014, the Petitioner filed the instant Motion, alleging that Saunders provided constitutionally ineffective assistance of counsel because, during the sentencing hearing, Saunders failed to challenge the court's Career Offender finding. The Petitioner contends that the failure to object to the use of his two prior state court convictions in determining Career Offender status rendered Saunders ineffective, and therefore the Petitioner is entitled to relief.

## II. LEGAL STANDARD

 The right to effective assistance of counsel extends to the sentencing phase, a "critical stage of trial." *United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996). A defense attorney's failure to object to an improper application of the Sentencing Guidelines may amount to ineffective assistance of counsel. *Id.* at 136. To prove ineffective assistance of counsel, the Petitioner must show by a preponderance of the evidence that 1) his attorney's performance was deficient, and 2) the attorney's deficient performance prejudiced the Petitioner by undermining the reliability of the judgment against him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the Petitioner must satisfy both prongs of the ineffective assistance test, a failure to carry the burden of proof as to one prong precludes relief and relieves the court of the duty to consider the other. *Id.* at 697, 104 S.Ct. 2052.

 In determining whether his representation of the Petitioner was deficient, Saunders' actions or omissions must be measured against what "an objectively reasonable attorney would have done under the circumstances existing at the time of the representation." *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir.1996); *see also Lawrence v. Branker*, 517 F.3d 700, 708–09 (4th Cir.2008). A court's review of trial counsel's performance is subject to a "highly deferential" standard. *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052. The court must attempt to "eliminate the distorting effects of hindsight," and instead "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

If the Petitioner could show that Saunders' performance was deficient, he would also have to demonstrate that he was prejudiced by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. However, because the Petitioner has failed to demonstrate that his attorney's performance was deficient, this court need not address the prejudice prong of *Strickland*.[7]

## III. ANALYSIS

The Petitioner specifically argues that his 2008 state court conviction for unlawful

---

6. For purposes of starting the clock on § 2255's one-year limitation period, a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction. *Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). The Petitioner had ninety (90) days from the date the appellate judgment was entered to file for a writ of certiorari. *See* Sup.Ct. R. 13(1), 13(3).

7. Even if Saunders' representation had been deficient, the Petitioner did not suffer prejudice because the court did not err in applying Career Offender status to him.

wounding is not a "crime of violence" under U.S.S.G. § 4B1.1. Mot. at 3. As to his conviction for possession with intent to distribute cocaine, the Petitioner argues that because the conviction was entered pursuant to an *Alford*[8] plea, it could not serve as the basis for enhancing his sentence because he did not admit to the underlying facts of the offense. *Id.* at 7. The Petitioner asserts that Saunders' failure to make these objections during sentencing rendered him constitutionally ineffective. *Id.* This argument is without merit.

### A. Unlawful Wounding Under Virginia Code § 18.2–51

■ The Petitioner first alleges that Saunders was ineffective for failing to challenge the court's application of his state court conviction for unlawful wounding in considering Career Offender status because, as the Petitioner contends, unlawful wounding is "not categorically a crime of violence." Mot. at 3. The Petitioner is incorrect.

■ Under the Sentencing Guidelines, a "crime of violence" includes any felony that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) ... otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a). To determine whether a prior offense constitutes a crime of violence under this provision, the Fourth Circuit typically uses the "categorical approach." *United States v. Seay,* 553 F.3d 732, 737 (4th Cir.2009). This approach requires the

court to consider the offense "generically, ... in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." *Id.* (citing *Begay v. United States,* 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)). Thus, in order to qualify as a crime of violence, an "offense's full range of proscribed conduct, including the least culpable proscribed conduct," must fall within the definitions in U.S.S.G. § 4B1.2. *United States v. King,* 673 F.3d 274, 278 (4th Cir.2012), *cert. denied,* —— U.S. ——, 133 S.Ct. 216, 184 L.Ed.2d 111 (2012).

■ The Petitioner asserts that the court should have used a "modified categorical approach" in determining his Career Offender status. Mot. at 5. Such an approach is applicable only in "narrow circumstances" when it is "evident from the statutory definition of the state crime that some violations of the statute are 'crimes of violence' and others are not." *King,* 673 F.3d at 278 (quoting *United States v. Diaz–Ibarra,* 522 F.3d 343, 348 (4th Cir. 2008)). In cases involving a "divisible" statute, or a statute "that set[s] out elements in the alternative and thus create[s] multiple versions of the crime," the court will apply a modified categorical approach. *United States v. Cabrera–Umanzor,* 728 F.3d 347, 350 (4th Cir.2013) (citing *Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2284, 186 L.Ed.2d 438 (2013)). Only then may a court "look beyond the generic elements of the offense to the specific conduct underlying that prior offense." *King,* 673 F.3d at 278.[9]

---

8. In *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), the Supreme Court held that "[a]n individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling to unable to admit his participation in the

acts constituting the crime." *Id.* at 37, 91 S.Ct. 160.

9. The sentencing court "may consider only the record of conviction, which includes the charging document, the plea agreement, and the transcript of the plea colloquy, and any

Virginia law provides that it is a felony to maliciously or unlawfully "shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill." Va.Code Ann. § 18.2–51. The statute has been interpreted as a divisible statute because it creates four separate crimes: 1) malicious, wounding, 2) maliciously causing bodily injury, 3) unlawful wounding, and 4) unlawfully causing bodily injury. *United States v. Carter*, No. 3:08CR527–HEH, 2013 WL 5353055, at *2 (E.D.Va. Sept. 24, 2013) (Hudson, J.). The court therefore may apply the modified categorical approach to determine which statutory phrase was the basis for the Petitioner's conviction. Looking beyond the generic elements of the state statute, the Petitioner's plea agreement in the 2008 case confirms that he ultimately was convicted of unlawful wounding under § 18.2–51. Attach. 1 to Gov't Resp. at 1–2, ECF No. 69–1; *see also* PSR ¶ 21.

The Fourth Circuit has held that a conviction for unlawful wounding under Virginia Code § 18.2–51 constitutes a "violent felony" under the Armed Career Criminal Act ("A.C.C.A."), which includes identical language to the Sentencing Guidelines' definition of "crime of violence." [10] *See United States v. Etheridge*, 932 F.2d 318, 323 (4th Cir.1991); *United States v. Candiloro*, 322 Fed.Appx. 332, 333 (4th Cir. 2009) (per curiam); *United States v. Joyner*, No. 99–4137, 1999 WL 824631, at *3 (4th Cir. Oct. 15, 1999); *see also Carter*, 2013 WL 5353055, at *2–3.

Only one court has held that a prior conviction under § 18.2–51 is not categorically a "crime of violence" under the Sentencing Guidelines. *United States v. Lopez–Reyes*, 945 F.Supp.2d 658, 665 (E.D.Va.2013) (Ellis, J.). However, in *Lopez–Reyes*, the court relied upon the definition of "crime of violence" in U.S.S.G. § 2L1.2, Appl. Note 1(B)(iii), which is limited to offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another." The definition applicable in this case is instead found in U.S.S.G. § 4B1.2(a), and while it includes the same definition as in the commentary following § 2L1.2, it also provides that a crime of violence may be defined as "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2). Based on the plain meaning of the Virginia statute, a conviction under § 18.2–51 requires evidence of "bodily injury [to the victim], with the intent to maim, disfigure, disable, or kill." Va.Code Ann. § 18.2–51. Thus, a violation of this statute clearly "presents a serious potential risk of physical injury to another" as required under U.S.S.G. § 4B1.2(a). Accordingly, the Petitioner's unlawful wounding conviction categorically qualifies as a prior felony [11] crime of violence for purposes of his Career Offender finding under U.S.S.G. § 4B1.1(a). *See Carter*, 2013 WL 5353055, at *3. There was no reasonable basis for Saunders to object to the court's reliance on the unlawful wounding convic-

---

explicit factual findings made by the trial court." *King*, 673 F.3d at 278 (citing *United States v. Spence*, 661 F.3d 194, 198 (4th Cir. 2011)).

**10.** Under the A.C.C.A., a "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year ... that (i) has as an element the use, attempted use, or threatened use of physical force against the

person of another; or (ii) ... otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). *Compare with* U.S.S.G. § 4B1.2(a) (same).

**11.** *See* Attach. 1 to Gov't Resp. at 1–2. The Petitioner was sentenced to a term of five (5) years of incarceration, four (4) years and nine (9) months of which was suspended.

tion for sentencing in this case, and thus his failure to do so did not render his representation of the Petitioner deficient.[12]

### B. Possession with Intent to Distribute Cocaine

The Petitioner also alleges that Saunders was ineffective for not challenging the use of his state court conviction for possession with intent to distribute cocaine to determine Career Offender status. While this conviction is clearly a "controlled substance offense" under U.S.S.G. § 4B1.1(a), the Petitioner contends that, because he entered an *Alford* plea to the charge, and did not admit to the offense's underlying facts, his conviction cannot support the court's Career Offender finding. Mot. at 7. This argument is also wrong.

In denying the Petitioner's appeal in this case, the Fourth Circuit noted that *Alford* pleas do count in calculating criminal history. *Lee*, 559 Fed.Appx. at 252 (citing *King*, 673 F.3d at 281–83). The case of *United States v. Alston*, 611 F.3d 219 (4th Cir.2010), on which the Petitioner primarily relies to support his argument, Mot. at 7, is not to the contrary, and indeed, is inapplicable to the Petitioner. In *Alston*, the prior offense at issue was second-degree assault, rather than a controlled substance offense, as in the instant case. *Alston*, 611 F.3d at 222. The relevant state law "encompasse[d] several distinct crimes, some of which qualif[ied] as violent felonies [for purposes of sentencing enhancement] and others of which d[id] not." *Id.* at 223. The state court conviction for second-degree assault thus fell into the "narrow range of cases," *King*, 673 F.3d at 278, in which the sentencing court could apply the "modified categorical approach" and look beyond the generic elements of the conviction. *Alston*, 611 F.3d at 223.

In *Alston*, the defendant had entered an *Alford* plea in the relevant prior state offense. There, the "state prosecutor's proffer of the facts that the State would have presented at trial indicated that [the defendant] had committed a violent felony, but also that [he] never agreed to those facts." *Id.* at 220. It was therefore improper for the trial court to rely upon the state's proffer of facts, which the trial court was not required to find in order to accept the defendant's plea and return a conviction. *Id.* at 227. In vacating the defendant's sentence, the Fourth Circuit explained that the state's proffer of facts for the *Alford* plea could not "establish, with the requisite certainty, that the conviction for second-degree assault ... was a conviction for a violent felony" for purposes of enhancing the defendant's federal sentence. *Id.* at 228. *Alston* therefore merely bars a "prosecutor's proffer of the factual basis for an *Alford* plea [from being] later ... used ... to identify the resulting conviction as [a] predicate" for purposes of sentencing enhancement. *Id.* at 227. It does not, however, "categorically prohibit the use of a conviction obtained from an *Alford* plea as a predicate offense for a statutory enhancement." *United States v. Mouzone*, 687 F.3d 207, 221 (4th Cir.2012). Where the fact of conviction itself is sufficient to determine that a prior conviction qualifies as a predicate offense, there is no need to consider the underlying facts. *Id.*

Because the Petitioner's plea of guilt for Possession with Intent to Distribute Cocaine involved a felony[13] controlled substance offense, committed when he was at

---

12. *See supra* note 7.

13. *See* Attach. 4 to Gov't Resp. at 1–2, ECF No. 69–4. The Petitioner was sentenced to a

term of ten (10) years of incarceration, eight (8) years and nine (9) months of which was suspended.

least eighteen years old, it qualified as a predicate under U.S.S.G. § 4B1.1. The conviction itself satisfied the requirements for the court's Career Offender finding, and the court was not obligated to examine any of the underlying facts. *Alston* has no bearing on the Petitioner's case, and there was no reasonable basis for Saunders to object to the court's reliance on the prior conviction of Possession with Intent to Sell Cocaine for sentencing in this case. Thus, Saunders' failure to so object did not render his representation of the Petitioner deficient. Because the Petitioner has not shown that Saunders' representation of him was ineffective, he has failed to satisfy the first prong under *Strickland,* and this court need not turn to the second prong to examine whether the Petitioner suffered any prejudice.[14]

### IV. CONCLUSION

For the reasons stated herein, the Motion is **DENIED.** The Petitioner is advised that he may appeal from this Memorandum Final Order by filing, within sixty (60) days of the entry of this Memorandum Final Order, a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. The Clerk is **DIRECTED** to forward a copy of this Memorandum Final Order to the Petitioner, to the United States Attorney at Newport News, and to Mr. Saunders.

**IT IS SO ORDERED.**