Isiah LAND, Petitioner,

v.

**UNITED STATES of America, Respondent.**

CIVIL NO. 2:16cv252 [ORIGINAL CRIMINAL NO. 2:01cr197–1]

United States District Court, E.D. Virginia, **Norfolk Division.**

Signed August 23, 2016

Jon M. Babineau, Riddick Babineau PC, Norfolk, VA, for Petitioner.

Randy Carl Stoker, James Ashford Metcalfe, United States Attorney's Office, Norfolk, VA, for Respondent.

### MEMORANDUM FINAL ORDER

REBECCA BEACH SMITH, CHIEF JUDGE

This matter comes before the court on the Petitioner's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed on May 26, 2016. ECF No. 100. The United States Court of Appeals for the Fourth Circuit granted the Petitioner authorization to file a successive § 2255 motion based on Johnson v. United States, — U.S. —, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). ECF No. 99. On May 27, 2016, this court ordered the government to file responsive pleadings to the Petitioner's Motion. ECF No. 101. The government filed its Response on July 29, 2016. ECF No. 104. The Petitioner filed a Reply on August 15, 2016, ECF No. 105, which the court has considered.[1]

For the reasons set forth below, the court **DENIES** the Petitioner's Motion.[2]

### I. PROCEDURAL HISTORY

On February 26, 2002, the Petitioner pled guilty to Count One of the Indictment, charging him with Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. §§ 922(g) (1), 924(a) (2), and 924(e). On June 12, 2002, the court held a hearing on the Petitioner's motion to withdraw his guilty plea, and denied the motion. The Petitioner was subsequently adjudged guilty of Count One and sentenced to two hundred thirty-five (235) months imprisonment. Pursuant to the Armed Career Criminal Act of 1984 ("ACCA"), 18 U.S.C. § 924 (e), the Petitioner was found to be an armed career criminal, based on two prior state court convictions for Malicious Wounding, in violation of Virginia Code § 18.2–51, and one prior state court conviction for Unlawful Wounding, in violation of Virginia Code § 18.2–51. Presentence Investigation Report ("PSR") ¶ 59, ECF No. 89. As such, his offense level total was enhanced under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.4, resulting in a total offense level of 33, rather than the total offense level of 22 that would have applied, if he were not an armed career criminal. See PSR Worksheet D.

The Petitioner appealed his conviction, and the Fourth Circuit affirmed the judg-

---

1. A petitioner is not entitled to file a reply to the government's response, but may do so in a time fixed by the court. Rule 5 (d) of Rules Governing Section 2255 Proceedings. Here, the court did not grant the Petitioner a time period in which to file a reply, but nonetheless considers it timely submitted.

2. The Motion, together with the files and other records of the case, conclusively show that the Petitioner is entitled to no relief. Accordingly, there is no need for an evidentiary hearing. See 28 U.S.C. § 2255(b): United States v. Baysden, 326 F.2d 629, 631 (4th Cir. 1964).

ment on May 16, 2003. ECF No. 48. It later denied the Petitioner's request for rehearing and for rehearing en banc. ECF No. 49. The Supreme Court denied the Petitioner's petition for a writ of certiorari on December 1, 2003. Land v. United States, 540 U.S. 1068, 124 S.Ct. 859, 157 L.Ed.2d 731 (2003) (No. 03–7268).

The Petitioner has previously filed six motions under 28 U.S.C. § 2255 with this court. See ECF Nos. 54, 74, 77, 80, 91, 93. The court has denied each of these motions. See ECF Nos. 63, 76, 78, 81, 90, 95. On May 26, 2016, the Fourth Circuit granted the Petitioner authorization to file a successive § 2255 motion based on Johnson, permitting this court to consider the instant Motion. ECF No. 99.

## II. LEGAL STANDARD

■ The ACCA provides an increase in the mandatory minimum sentence for a violation of 18 U.S.C. § 922(g) when the defendant "has three previous convictions by any court ... for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e) (1). "Violent felony," as used in the ACCA, is defined as:

any crime punishable by imprisonment for a term exceeding one year ... that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another: or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924 (e)(2) (B). Further, the phrase "physical force" in § 924(e) (2)(B)(i) means "violent force—that is, force capable of physical pain or injury to another person." Johnson v. United States, 559

U.S. 133, 140, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010).

In Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), the Supreme Court struck down the residual clause of the ACCA, in 18 U.S.C. § 924(e) (2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S.Ct. at 2563. Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), made the new right recognized in Johnson applicable on collateral review. The other components of the "violent felony" definition were not affected by the Supreme Court's decision in Johnson, namely, the "force clause" in § 924 (e)(2)(B) (i), and the enumerated felonies in § 924 (e) (2) (B)(ii). Johnson, 135 S.Ct. at 2563. Accordingly, for a petitioner to be eligible for post-conviction relief, his predicate violent felonies for the ACCA enhancement must have qualified as such only under the residual clause.

## III. ANALYSIS

The Petitioner's Motion raises four grounds for relief. However, only Ground Four is based on Johnson and the Petitioner's sentencing under the ACCA. Therefore, Grounds One, Two, and Three fall beyond the scope of the Fourth Circuit's authorization, and are unauthorized successive claims that this court does not have jurisdiction to consider. See 28 U.S.C. §§ 2244(b) (4), 2255(h). Accordingly, Grounds One, Two, and Three are DISMISSED.

In Ground Four, the Petitioner challenges his "sentencing under the armed career criminal act." Mot. at 11. The court understands him to be arguing that his predicate violent felonies do not qualify as such, after the Supreme Court's ruling in Johnson. This assumes that the predicate crimes only qualify under the ACCA's residual clause.

To determine whether a prior conviction is a "violent felony" under § 924 (e) (2)(B), courts typically apply the categorical approach. See Mathis v. United States, —— U.S. ——, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). This approach requires the court to consider the offense " 'generically,' that is, 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.' " United States v. King, 673 F.3d 274, 278 (4th Cir. 2012)(quoting Begay v. United States, 553 U.S. 137, 141, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008)). Thus, to qualify as a violent felony, an "offense's full range of proscribed conduct, including the least culpable proscribed conduct," must fall within the definition in § 924(e) (2)(B). Id.

However, when the statute lists elements in the alternative and thus defines multiple crimes, the court may apply the modified categorical approach. Mathis, 136 S.Ct. at 2249. This approach "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Id. The modified categorical approach serves as a tool that "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps v. United States, —— U.S. ——, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013). However, it still focuses "on the elements, rather than the facts, of a crime." Id. at 2285.

Both predicate offenses at issue here are violations of Virginia Code § 18.2–51, which provides:

If any person maliciously shoot, stab, cut, or wound any person or by any means cause him bodily injury, with the intent to maim, disfigure, disable, or kill, he shall, except where it is otherwise provided, be guilty of a Class 3 felony. If such act be done unlawfully but not maliciously, with the intent aforesaid, the offender shall be guilty of a Class 6 felony.

Va. Code § 18.2–51. As evidenced by the Petitioner's convictions for two different crimes under this same statute, the statute is divisible. It sets out elements in the alternative, creating multiple versions of the crime. See Descamps, 133 S.Ct. at 2284. Specifically, the statute creates four separate crimes: 1) malicious wounding, 2) maliciously causing bodily injury, 3) unlawful wounding, and 4) unlawfully causing bodily injury. Lee v. United States, 89 F.Supp.3d 805, 811 (E.D. Va. 2015): United States v. Carter, No. 3:08cr527, 2013 WL 5353055, at *2 (E.D. Va. Sept. 24, 2013).

Thus, the court uses the modified categorical approach to determine which statutory phrase was the basis for each of the Petitioner's three predicate convictions. The court records discussed in the Petitioner's PSR disclose that the Petitioner was convicted of Malicious Wounding on June 1, 1965, and September 23, 1965, and Unlawful Wounding on April 7, 1988. PSR ¶¶ 24, 25, 31. The court must then determine whether each offense has as an element the use, attempted use, or threatened use of physical force against the person of another.[3]

A conviction for Malicious Wounding requires proof that the defendant shot, stabbed, cut, or wounded any person, and that the conduct was committed maliciously and with the intent to maim, disfigure, disable, or kill. See Unit-

---

3. The enumerated offenses in § 924 (e) (2)(B) (ii) are not relevant here, leaving the force clause as the only part of the violent felony definition that needs to be analyzed.

ed States v. Le, 316 F.Supp.2d 355, 363 (E.D. Va. 2004); Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732 (2001). Wounding requires more than a bodily injury: it requires that the victim's skin was broken or cut. Johnson v. Commonwealth, 184 Va. 409, 415–16, 35 S.E.2d 594 (1945) (discussing the "distinct offense[s]" of wounding and causing bodily injury). A conviction for Malicious Wounding therefore requires that the defendant inflicted a physical injury sufficient to break the skin. This clearly involves the use, attempted use, or threatened use of physical force capable of causing physical pain or injury. See United States v. Castleman, — U.S. —, 134 S.Ct. 1405, 1417, 188 L.Ed.2d 426 (2014) (Scalia, J concurring) ("[I]ntentionally or knowingly causing bodily injury categorically involves the use of force capable of causing physical pain or injury to another person." (internal quotations marks and citations omitted)).[4] Thus, even the least culpable means of committing Malicious Wounding requires the use of force as defined in § 924 (e)(2)(B)(i).

 Similarly, Unlawful Wounding necessarily involves the use, attempted use, or threatened use of physical force against the person of another. Unlawful Wounding is distinguished from Malicious Wounding only by the element of malice. See Witherow v. Commonwealth, 65 Va. App. 557, 779 S.E.2d 223, 228 (2015). The offense still requires proof that the defendant shot, stabbed, cut, or wounded any person, with the intent to maim, disfigure, disable, or kill. Such actions all involve force capable of causing physical pain or injury. Removal of the malice element does not affect the conclusion that the conduct involves the use, attempted use, or threatened use of physical force, as defined in the force clause in § 924(e) (2)(B)(i).

Because Malicious Wounding and Unlawful Wounding are violent felonies under the force clause of § 924 (e)(2)(B)(i), the residual clause in § 924 (e)(2)(B)(ii) is not implicated. Therefore, the Petitioner does not state a claim under Johnson, and Ground Four is DENIED.

## IV. CONCLUSION

For the reasons stated above, the Petitioner's Motion is DENIED. The Petitioner is ADVISED that he may appeal from this Memorandum Final Order by forwarding, within sixty (60) days of the entry date of this Memorandum Final Order, a written notice of appeal to the Clerk of the United States District Court, 600 Granby Street, Norfolk, Virginia 23510. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is DIRECTED to send a copy of this Memorandum Final Order to the Petitioner and the United States Attorney at Norfolk.

IT IS SO ORDERED.

4. The majority opinion in Castleman stated that "[i]t is impossible to cause bodily injury without applying force in the common-law sense," and the "intentional application of force is a 'use' of force." Castleman, 134 S.Ct. at 1415. It did not decide whether bodily injury requires the use of violent force, as defined in Johnson, 559 U.S. at 140, 130 S.Ct. 1265. Id. at 1414. While physical force as used in the ACCA is a more demanding standard than common law force, see Johnson, 559 U.S. at 139–40, 130 S.Ct. 1265, it is likewise impossible to see how a defendant could maliciously wound a victim, with the intent to maim, disfigure, disable, or kill, without using physical force, as used in the ACCA.