Raymond Ernest BROWN, Petitioner,

v.

UNITED STATES of America,
Respondent.

CIVIL NO. 4:16cv5
[ORIGINAL CRIMINAL
NO. 4:09cr81–15]

United States District Court,
E.D. Virginia,
Newport News Division.

Signed February 9, 2016

Raymond Ernest Brown, pro se.

*MEMORANDUM FINAL ORDER*

REBECCA BEACH SMITH, CHIEF
JUDGE

This matter comes before the court on
the Petitioner's *pro se* "Motion Under 28
U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence" ("Motion") and accompanying Memorandum in Support, filed on
February 2, 2015. ECF Nos. 639, 540.
On October 13, 2011, the Petitioner pled
guilty to Counts Thirty-three and Thirty-
five of the Third Superseding Indictment.
Count Thirty-three charged the Petitioner
with Robbery Affecting Interstate Commerce ("Hobbs Act robbery"), in violation
of 18 U.S.C. § 1951(a). Count Thirty-five
charged the Petitioner with Discharging,
Brandishing, Carrying, and Possessing a
Firearm During and in Relation to, and in
Furtherance of, a Crime of Violence, in
violation of 18 U.S.C. § 924(c)(1)(A). On
January 18, 2012, after adjudging the Petitioner guilty, this court sentenced the Petitioner to three hundred twenty (320)
months imprisonment and five (5) years
supervised release. ECF No. 508. The
Petitioner did not appeal his conviction,
and the judgment accordingly became final
fourteen (14) days after it was entered.
Fed. R. App. P. 4(b)(1)(A).

The Petitioner filed the instant Motion
pursuant to 28 U.S.C. § 2255(f)(3), which
provides that the one-year limitation period to file motions may begin from "the
date on which the right asserted was initially recognized by the Supreme Court, if
that right has been newly recognized by
the Supreme Court and made retroactively
applicable to cases on collateral review."
Specifically, the Petitioner argues that the
holding in *Johnson v. United States*, ——
U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569
(2015), recognized a new right that is retroactively applicable on collateral review,
and that this right invalidates his conviction under 18 U.S.C. § 924(c)(1)(A) on
Count Thirty-five. Mem. Supp. at 1.

In *Johnson*, the Supreme Court struck
down the residual clause of the Armed
Career Criminal Act of 1984 ("ACCA"), in
18 U.S.C. § 924(e)(2)(B)(ii), because it was
unconstitutionally vague. *Johnson*, 135

S.Ct. at 2563. The statute under which the Petitioner was convicted for Count Thirty-five defines a "crime of violence" as an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Petitioner argues that Hobbs Act robbery is not a crime of violence under the "force clause," Section 924(c)(3)(A), but instead qualifies only under the "residual clause," Section 924(c)(3)(B). Mem. Supp. at 4. Further, he argues that this residual clause is analogous to the one declared void in *Johnson*. *Id.* If the Petitioner's crime falls under the force clause, however, *Johnson's* ruling on the residual clause of the ACCA would not be applicable, and the court could dismiss the motion as untimely. *See* 28 U.S.C. § 2255(f). Thus, as an initial matter, the court must determine whether the force clause applies to Hobbs Act robbery.

This court has consistently found that Hobbs Act robbery is a "crime of violence" under the force clause.[1] *See United States v. Bennett*, No. 3:15cr134, 2016 WL 354753 (E.D.Va. Jan. 27, 2016); *United States v. Walker*, No. 3:15cr49, 2016 WL 153088 (E.D.Va. Jan. 12, 2016); *United States v. Wilson*, No. 4:15cr21 (E.D.Va. Dec. 8, 2015); *United States v. McDaniels*, No. 1:15cr171, 147 F.Supp.3d 427, 2015 WL 7455539 (E.D.Va. Nov. 23, 2015); *United States v. Wyche*, No. 2:15cr97 (E.D.Va. Nov. 9, 2015); *United States v. Waites*, No. 2:15cr110 (E.D.Va. Oct. 30, 2015); *United States v. Hunter*, No. 2:12cr124, 2015 WL 6443084 (E.D.Va. Oct. 23, 2015); *United States v. Standberry*, No. 3:15cr102, 139 F.Supp.3d 734, 2015 WL 5920008 (E.D.Va. Oct. 9, 2015). Indeed, "[a]mple case law confirms the conclusion that Hobbs Act robbery can serve as a crime of violence as defined by § 924(c)(3)(A)." *McDaniels*, 147 F.Supp.3d at 434, 2015 WL 7455539, at *6. The Petitioner has not presented any arguments warranting departure from this case law, and the court reaffirms the finding here.

Because Hobbs Act robbery is a crime of violence under the force clause of § 924(c)(3)(a), the Petitioner's Motion fails to identify a newly recognized right to relief per § 2255(f)(3). And because this is the only alleged basis for jurisdiction over the Motion, it is untimely.[2] Accordingly, the Motion is **DENIED**.

The Petitioner is **ADVISED** that he may appeal from this Memorandum Final

---

1. In relevant part, the statute for Hobbs Act robbery states:

    (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

    (b) As used in this section—

    (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

    18 U.S.C. § 1951.

2. Petitioner concedes the timeliness issue, other than his retroactivity argument under *Johnson*.

Order by forwarding, within sixty (60) days of the entry date of this Memorandum Final Order, a written notice of appeal to the Clerk of the United States District Court at 2400 West Avenue, Newport News, Virginia 23607. The court declines to issue a certificate of appealability for the reasons stated herein.

The Clerk is **DIRECTED** to send a copy of this Memorandum Final Order to the Petitioner and the United States Attorney at Newport News.

**IT IS SO ORDERED.**