Perry COUSINS, Petitioner,

v.

UNITED STATES of America, Respondent.

CIVIL NO. 4:16cv60
[ORIGINAL CRIMINAL
NO. 4:10cr47-1]

United States District Court,
E.D. Virginia,
Newport News Division.

Signed August 2, 2016

Counsel for Petitioner: Pro Se.

Counsel for Respondent: Eric M. Hurt, Howard J. ZIotnick, Robert E. Bradenham, II, United States Attorney's Office, 721 Lake Front Commons, Suite 3110, Newport News, VA 23606.

## SHOW CAUSE ORDER

### REBECCA BEACH SMITH, CHIEF JUDGE

This matter comes before the court on the Petitioner's <u>pro se</u> "Petition Pursuant to 28 U.S.C. § 2255(f)(3)" ("Motion"), filed on June 15, 2016. ECF No. 365.[1] The Motion was filed subject to defect because it was not submitted with two copies as required by Rule 3 (a) of the Rules Governing Section 2255 Proceedings. <u>See</u> Striking Order of June 29, 2016, ECF No. 366. The Petitioner corrected this defect on July 12, 2016.

On May 12, 2011, after a seven-day jury trial, the jury found the Petitioner guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Eighteen, Nineteen, Twenty-

eight, and Twenty-nine of the Superseding Indictment. ECF No. 204. The counts were as follows: Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d) (Count One); Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine Base, Cocaine, and Marijuana, in violation of 21 U.S.C. § 846 (Count Two); Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Count Three); Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) (Count Four); Use, Carry, Brandish and Discharge a Firearm During and in Relation to a Crime of Violence Resulting in Death, in violation of 18 U.S.C. § 924(c)(1) and (j) (Count Five); Interference with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a) (Counts Six, Nine, and Twelve); Use, Carry, Brandish and Discharge a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1) (Counts Seven, Ten, and Nineteen); Possess with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Counts Eight and Eleven); Carry and Use a Firearm During and in Relation to a Crime of Violence Resulting in Death, in violation of 18 U.S.C. § 924(c)(1) and (j) (Count Thirteen); Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen); Possession of Unregistered Firearm, in violation of 26 U.S.C. §§ 5841, 5845(a) and (d), 5861(d), and 5871 (Count Twenty-eight); and Felon in Possession of Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Twenty-nine).

On August 11, 2011, this court sentenced the Petitioner to a total of life plus seven

---

1. The court accepts the Motion as effectively filed on the date the Petitioner certifies he placed it in the prison's internal mailing system, which is June 13, 2016. <u>See Houston v.</u> <u>Lack,</u> 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (articulating the "prison mailbox rule").

hundred twenty (720) months imprisonment and five (5) years supervised release. ECF No. 217. The Petitioner appealed, and the Court of Appeals for the Fourth Circuit affirmed the convictions and sentences on July 31, 2012. ECF No. 274. The Petitioner was granted an extension of time to file a petition for a writ of certiorari, extending the deadline to December 28, 2012, but no petition was filed. Order, Cousins v. United States, No. 12A371 (U.S. Oct. 18, 2012).

The instant Motion, Petitioner's first under 28 U.S.C. § 2255, appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104–132, § 105, 110 Stat. 1214 (1996), imposes a one-year statute of limitations on § 2255 motions. Section 2255, as amended by AEDPA, provides in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Petitioner's judgment became final on December 28, 2012. See Gonzalez v. Thaler, 565 U.S. 134, 132 S.Ct. 641, 653, 181 L.Ed.2d 619 (2012) (holding that, when a petitioner does not seek certiorari, a judgment becomes final when the time for filing a certiorari petition expires). Therefore, the one-year period to file a § 2255 motion expired on December 28, 2013, making the instant Motion untimely under 28 U.S.C. § 2255(f)(1).

The Petitioner asserts that the instant Motion is nonetheless timely pursuant to 28 U.S.C. § 2255(f)(3), based on Welch v. United States, —— U.S. ——, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), which made the new right recognized in Johnson v. United States, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), applicable on collateral review. In Johnson, the Supreme Court struck down the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"), in 18 U.S.C. § 924(e)(2)(B)(ii), because it was unconstitutionally vague. Johnson, 135 S.Ct. at 2563.

Here, the Petitioner was not sentenced under the ACCA. Instead, he challenges his convictions under 18 U.S.C. § 924(c)(1); [2] these are Counts Five, Seven, Ten, Thirteen, and Nineteen. Mot. at 4, 9.[3]

---

[2]. The Petitioner challenges, as his convictions under 18 U.S.C. § 924(c), Counts Seven, Ten, Thirteen, Twenty-three, and Twenty-five. Mot. at 9. The Petitioner is confused about which counts contained firearms offenses in violation of § 924(c). Further, he challenges counts of which he was not convicted, namely Counts Twenty-three and Twenty-five. See id. Because the § 2255 Motion is a pro se submission, the court construes it liberally. See Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978). Accordingly, the court will address all of the Petitioner's actual convictions under § 924(c), which are Counts Five, Seven, Ten, Thirteen, and Nineteen.

[3]. See supra note 2 and accompanying text.

The Petitioner's underlying crime of violence for Count Five was Murder in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(1) (Count Four).[4] The underlying crime of violence for each of Counts Seven, Ten, and Thirteen was Obstruct, Delay, and Affect Commerce by Robbery ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Counts Six, Nine, and Twelve, respectively). The underlying crime of violence for Count Nineteen was Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3) (Count Eighteen).

"Crime of violence," for the purposes of § 924(c)(1), is an offense that is a felony and

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is the force clause, and subsection (B) is the residual clause. The Petitioner argues that his predicate crimes qualify as "crimes of violence" only under the residual clause, § 924(c)(3)(B). Mot. at 6. He asserts that Johnson invalidates the residual clause, and therefore his conviction under § 924(c)(1) must be vacated. Id. at 6, 9. The Petitioner fails at the both steps of his argument.

■ First, the three predicate crimes of violence underlying his five § 924(c)

convictions are all crimes of violence under the force clause in § 924(c)(3)(A). To determine which clause in § 924(c)(3) applies to a predicate crime, "the court may (depending on the features of the applicable statute) employ the 'categorical approach' or the 'modified categorical approach.'" United States v. Fuertes, 805 F.3d 485, 498 (4th Cir.2015). The court must apply the categorical approach when the statute for the predicate crime in question "sets out a single (or 'indivisible') set of elements to define a single crime." Mathis v. United States, —— U.S. ——, 136 S.Ct. 2243, 2248, 195 L.Ed.2d 604 (2016). However, when the statute lists elements in the alternative and thus defines multiple crimes, the court may apply the modified categorical approach. Id. This approach "looks to a limited class of documents ... to determine what crime, with what elements, a defendant was convicted of." Id. at 2249. The modified categorical approach serves as a tool that "helps effectuate the categorical analysis when a divisible statute, listing potential offense elements in the alternative, renders opaque which element played a part in the defendant's conviction." Descamps v. United States, —— U.S. ——, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013). However, it still focuses "on the elements, rather than the facts, of a crime." Id. at 2286.

■ Murder in Aid of Racketeering Activity and Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering Activity are defined by the same statute, 18 U.S.C. § 1959(a). This statute, defining violent crimes in aid of racketeering activity ("VICAR"), lists elements in the alterna-

---

4. The Petitioner discusses Conspiracy to Commit Hobbs Act robbery as the predicate crime of violence for all of his § 924(c) convictions. See Mot. at 2, 6, 9. However, Conspiracy to Commit Hobbs Act robbery was not the predicate offense for any of the § 924(c) convic-

tions. See Superseding Indictment, ECF No. 17. As noted above, the court will construe his Motion liberally and address the actual predicate offense for each § 924(c) conviction. See supra note 2.

tive, defining different § 1959 offenses based on the predicate violent crime ("VICAR predicate"). Therefore, the court uses the modified categorical approach in determining if the Petitioner's VICAR convictions are crimes of violence under § 924(c)(3)(A).

Under the modified categorical approach, the court looks at the charging documents to determine that the Petitioner was convicted of Murder in Aid of Racketeering Activity, in violation of § 1959(a)(1), and Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering Activity, in violation of 18 U.S.C. § 1959(a)(3). See Descamps, 133 S.Ct. at 2284–85.

■ The court must then determine whether each offense has as an element the use, attempted use, or threatened use of physical force. A VICAR conviction requires proof of five elements: (1) the organization is a Racketeer Influenced and Corrupt Organizations Act ("RICO") enterprise; (2) the enterprise was engaged in racketeering activity as defined in RICO; (3) the defendant had a position in that enterprise; (4) the defendant committed the alleged crime of violence in violation of federal or state law; and (5) the defendant's general purpose in doing so was to maintain or increase position in the enterprise. United States v. Fiel, 35 F.3d 997, 1003 (4th Cir.1994). The fourth element, specific to the VICAR predicate, is the key conduct element in determining if the VICAR offense has as an element the use, attempted use, or threatened use of physical force.

Section 1959 reaches the generic conduct described therein, without concern for the labels a state may use in criminalizing the conduct that qualifies as a VICAR predicate. United States v. Le, 316 F.Supp.2d 355, 362 (E.D.Va.2004). Thus, to determine if the alleged VICAR predicate satisfies this element of a § 1959 offense, the court must look at the elements of the VICAR predicate as it is generically defined. As stated, the two VICAR predicates at issue here are murder and assault with a dangerous weapon resulting in serious bodily injury.

■ The common law definition of murder is the unlawful killing of another human being with malice aforethought. Schad v. Arizona, 501 U.S. 624, 640, 111 S.Ct. 2491, 115 L.Ed.2d 555 (1991). The intentional killing of another certainly involves "the use, attempted use, or threatened use of physical force against the person," and thus, Murder in Aid of Racketeering Activity qualifies as a crime of violence under the force clause in § 924(c)(3)(A).

■ Assault, as used in the "assault with a dangerous weapon" VICAR predicate, can refer to either a common law assault or the more modern legal usage of a battery or wounding, although Congress typically uses assault in this latter sense. United States v. Barbeito, No. 2:09–cr–00222, 2010 WL 2243878, at *24 (S.D.W.Va. June 3, 2010). A common law assault with a dangerous weapon, therefore, requires a physical act, utilizing a dangerous weapon, that signifies to the victim that the aggressor has the present ability to cause the threatened harm with the weapon, and that the weapon may be put to harmful use immediately. Id. at *24–25. For a battery-type assault, the weapon would have to make contact with the victim. Id. Under either scenario, force is clearly used or threatened against the victim. Therefore, Assault with a Dangerous Weapon Resulting in Serious Bodily Injury, as generically defined, requires the use, attempted use, or threatened use of force, and qualifies as a crime of violence under the force clause of § 924(c)(3)(A).

■ Further, this court has consistently found that Hobbs Act robbery is a "crime

of violence" under the force clause of § 924(c)(3)(A). See Brown v. United States, No. 4:09cr81–15, 163 F.Supp.3d 315, 2016 WL 787450 (E.D.Va. Feb. 9, 2016); United States v. Bennett, No. 3:15cr134, 2016 WL 354753 (E.D.Va. Jan. 27, 2016); United States v. Walker, No. 3:15cr49, 2016 WL 153088 (E.D.Va. Jan. 12, 2016); United States v. Wilson, No. 4:15cr21, 2015 WL 8570614 (E.D.Va. Dec. 8, 2015); United States v. McDaniels, 147 F.Supp.3d 427 (E.D.Va.2015); United States v. Wyche, No. 2:15cr97 (E.D.Va. Nov. 9, 2015); United States v. Waites, No. 2:15cr110 (E.D. Va. Oct. 30, 2015); United States v. Hunter, No. 2:12cr124, 2015 WL 6443084 (E.D.Va. Oct. 23, 2015); United States v. Standberry, 139 F.Supp.3d 734 (E.D.Va.2015). Indeed, "[a]mple case law confirms the conclusion that Hobbs Act robbery can serve as a crime of violence as defined by § 924(c)(3)(A)." McDaniels, 147 F.Supp.3d at 434. The Petitioner has not presented any arguments warranting departure from this case law, and the court reaffirms the finding here.

Because Murder in Aid of Racketeering Activity, Assault with a Dangerous Weapon Resulting in Serious Bodily Injury in Aid of Racketeering Activity, and Hobbs Act robbery are crimes of violence under the force clause of § 924(c)(3)(A), the residual clause in § 924(c)(3)(B) is not impli-

cated. Moreover, the court declines to extend Johnson to hold that the residual clause in the definition of "crime of violence" in § 924(c)(3) is unconstitutionally vague,[5] particularly since the Supreme Court has not addressed this issue.[6] Therefore, the Petitioner also fails at the second step of his argument. The Petitioner does not state a claim under Johnson, and his Motion is not timely pursuant to § 2255(f)(3) for this reason.

Accordingly, the Petitioner is **WARNED** that the Motion will be dismissed as untimely, unless he can otherwise demonstrate that it was filed within the proper time period under 28 U.S.C. § 2255, as set forth herein. See Hill v. Braxton, 277 F.3d 701, 708 (4th Cir.2002). The Petitioner is granted thirty (30) days from the date of entry of this Show Cause Order to make such a showing.

In his Motion, the Petitioner also requests the appointment of counsel. Mot. at 10-11. There is no constitutional right to counsel in a collateral attack on a prisoner's conviction. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir.1995).[7] However, the court may appoint counsel to represent a financially eligible petitioner in a § 2255 proceeding where the interests of justice so

**5.** District courts in this circuit have declined to extend the ruling in Johnson to the residual clause in Section 924(c)(3). See, e.g., United States v. Green, No. CR RDB–15–0526, 2016 WL 277982, at *3 (D.Md. Jan. 21, 2016); United States v. Walker, No. 3:15cr49, 2016 WL 153088, at *8–9 (E.D.Va. Jan. 12, 2016); United States v. Hunter, No. 2:12cr124, 2015 WL 6443084, at *2 (E.D.Va. Oct. 22, 2015).

**6.** Importantly, the Supreme Court has not ruled that the residual clause in § 924(c)(3) is unconstitutionally vague. Even with such a ruling, the question would remain over its retroactive applicability on collateral review, which only the Supreme Court can determine. See 28 U.S.C. § 2244(b)(2)(A); Tyler v.

Cain, 533 U.S. 656, 662, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Should the Supreme Court invalidate the residual clause in § 924(c)(3) and recognize that new right as retroactively applicable on collateral review, a petitioner would have one year from the date of the invalidation to seek collateral relief on a § 924(c)(1) conviction. See 28 U.S.C. § 2255(f)(3).

**7.** Rules 6(a) and 8(c) of the Rules Governing Section 2255 Proceedings mandate appointment of counsel for a non-capital habeas petitioner only when counsel is necessary for effective discovery or the matter proceeds to an evidentiary hearing.

require. 18 U.S.C. § 3006A(a)(2)(3). Such a decision is within the discretion of the district court. See, e.g., Bowman v. White, 388 F.2d 756, 761 (4th Cir.1968).

The Petitioner has failed to set forth any exceptional circumstances for the appointment of counsel, and has not established that his § 2255 Motion is timely or presents a colorable claim for post-conviction relief. Accordingly, the Petitioner's request for counsel is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Show Cause Order to the Petitioner and the United States Attorney at Newport News.

**IT IS SO ORDERED.**