FILED
United States Court of Appeals
Tenth Circuit

April 1, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JONEARL SMITH,

    Defendant - Appellant.

No. 20-3163
(D.C. Nos. 6:18-CV-01276-JTM &
6:14-CR-10137-JTM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Appellant JonEarl Smith seeks a certificate of appealability to appeal the district

court's denial of his 28 U.S.C. § 2255 habeas motion. The district court denied Smith's

motion on the merits and declined to issue a certificate of appealability ("COA"). We

conclude that Smith has failed to demonstrate his entitlement to a COA, and we deny his

request for a COA and dismiss the matter.

**I**

In July 2014, Smith was indicted on one count of possession of a firearm in

furtherance of a crime of violence (in violation of 18 U.S.C. § 924(c)) and two counts of

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

possession of a firearm by a prohibited person (in violation of 18 U.S.C. § 922(g)). Smith entered into a Fed. R. Crim. P. 11(c)(1)(C) plea agreement to plead guilty to a one count information. The information charged that on or about July 12, 2014, Smith knowingly possessed a firearm "in furtherance of a crime of violence for which the defendant may be prosecuted in a court of the United States, and the defendant brandished the firearm(s) in violation of Title 18, United States Code, Section 924(c)(1)." ROA, Vol. 2 at 10–11. The plea agreement, which Smith has not sought to withdraw, included a factual basis supporting Smith's conviction. In that factual basis, Smith admitted he "was driving a car that was involved in a shooting incident in Wichita, Kansas" and that he "drove his car and brandished a firearm at others, who were later identified as gang members." *Id.* at 13. This firearm was later recovered by the Wichita Police Department when officers stopped Smith's car. *Id.* Smith "further admit[ted] that he knew the guns were in his car, and that he knowingly engaged in these actions." *Id.* Smith "advise[d] the Court that he understands that the act of brandishing the gun(s) at other people, constituted a crime of violence for which the defendant could be prosecuted in a court of the United States." *Id.* Pursuant to the plea agreement, Smith was sentenced to a term of 120 months imprisonment.

In October 2018, Smith filed a motion to vacate his sentence under 28 U.S.C. § 2255. Smith argued that, notwithstanding his guilty plea, his conviction under 18 U.S.C. § 924(c) was invalid because the mere act of "brandishing" a firearm cannot be the predicate crime of violence supporting such a conviction. Smith argued that recent Supreme Court precedent had invalidated § 924(c)'s residual clause as unconstitutionally

vague, and that the government had failed to allege a qualifying crime of violence under § 924(c)'s elements clause. ROA, Vol. 2 at 24–40, 54–63. Smith also argued that his trial counsel was ineffective for failing to realize this evidentiary shortcoming. *Id.* at 64–65. The district court denied this motion and declined to issue a COA.

## II

Smith must obtain a COA in order to appeal the district court's denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). In order to obtain a COA, Smith must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Smith can meet this burden by "showing that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citations and quotations omitted). As discussed below, Smith fails to make this showing.

Smith raises five distinct issues in this appeal: (1) that the district court erroneously construed Smith's motion as complaining that the government did not charge or convict him of a crime of violence, while Smith actually argued that no crime of violence was alleged, proved, or established; (2) that the government did not allege, prove, or establish a qualifying crime of violence; (3) that the district court erred in applying a case-specific, as opposed to categorical, approach in determining that the government had identified and alleged a qualifying crime of violence; (4) that Smith has established his actual innocence because no crime of violence has been established; and (5) that Smith's trial counsel was ineffective in negotiating Smith's plea agreement.

3

Although these are presented as five different issues, all five turn on the question of whether the government sufficiently established that Smith engaged in a qualifying crime of violence to support his § 924(c) conviction. Accordingly, we address that broader point before turning to each of Smith's individual arguments.

### III

Smith pleaded guilty to a single count of possession of a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c). Under that statute it is a crime for anyone to use or carry a firearm "during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States." § 924(c)(1)(A). Smith argues that because the government did not specify an underlying crime of violence in the indictment, information, or plea agreement, that no such crime of violence exists, and his conviction is therefore unconstitutional. But § 924(c) does not require an indictment or conviction for the underlying crime of violence; it only requires the presence of a "crime of violence . . . for which the person *may be prosecuted* in a court of the United States." 18 U.S.C. § 924(c)(1)(A) (emphasis added); *accord United States v. Haywood*, 363 F.3d 200, 211 (3d Cir. 2004) ("A valid § 924(c) conviction requires only that the defendant have committed a violent crime for which he may be prosecuted in federal court. It does not even require that the crime be charged; *a fortiori*, it does not require that he be convicted.") (quotations, internal citations, and emphasisomitted). Instead, § 924(c) requires only that a predicate crime of violence exists, and that requirement was met with the factual admissions Smith made in his plea agreement. Although the government did not specify an underlying crime of violence at the time of Smith's plea agreement, both

4

the district court and the government observed that the factual admissions in the plea agreement would have been sufficient to support a charge of assault with a dangerous weapon in aid of racketeering (in violation of 18 U.S.C. § 1959(a)(3)).[1] ROA, Vol. 2 at 212. Accordingly, Smith's § 924(c) conviction was valid. Reasonable jurists could not debate this point, and Smith's various arguments for issuing a COA therefore fail. With this conclusion in mind, we turn to Smith's individual arguments relating to his § 2255 motion.

Smith's first argument is that "the district court erred in its recitation and/or understanding of defendant's claim" because the district court focused on whether Smith was "charged or convicted" of a crime of violence, while Smith instead argued that "there was never a crime of violence alleged or proven" in the indictment, information, or plea agreement. Aplt. Br. at 3 (emphasis omitted). Because of this misunderstanding by the district court, Smith reasons, "the district court, in fact, has not ruled on [Smith's] motion

---

[1] 18 U.S.C. § 1959(a)(3):
(a) Whoever, as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value from an enterprise engaged in racketeering activity, or for the purpose of gaining entrance to or maintaining or increasing position in an enterprise engaged in racketeering activity, murders, kidnaps, maims, assaults with a dangerous weapon, commits assault resulting in serious bodily injury upon, or threatens to commit a crime of violence against any individual in violation of the laws of any State or the United States, or attempts or conspires so to do, shall be punished—
. . .
(3) for assault with a dangerous weapon or assault resulting in serious bodily injury, by imprisonment for not more than twenty years or a fine under this title, or both . . . .

for relief as it pertains to this ground." *Id.* at 5. But the district court did rule on Smith's motion and concluded that the government had established the existence of a qualifying crime of violence to support Smith's conviction. The district court observed that "a § 924(c) conviction does require that a predicate offense exist, [but] it does not require a conviction of the crime of violence as a predicate offense." ROA, Vol. 2 at 210 (quotations omitted). The district court also pointed to the language of § 924(c), which requires only the existence of a crime of violence "for which the person *may* be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Contrary to Smith's assertions in his opening brief, the district court reviewed the plea agreement and concluded that the factual basis for the plea agreement "establish[ed] that [Smith] was involved in conduct at the time of the offense in question that constituted a felony for which he could have been charged in federal court." ROA, Vol. 2 at 210. This argument therefore fails.

Smith's second argument, that no qualifying crime of violence was established by the government's evidence, fails because the factual basis of his plea agreement established a qualifying crime of violence. As the district court noted, Smith admitted in the plea agreement that he drove a car "involved in a shooting incident" and that in the course of this incident, Smith "drove his car and brandished a firearm at others," who were later identified as gang members. ROA, Vol. 2 at 13. The plea agreement further established that Smith brandished this firearm, knowingly engaged in that action, and understood (at the time of the plea agreement) that "the act of brandishing the gun(s) at other people[] constituted a crime of violence for which the defendant could be

6

prosecuted in a court of the United States." *Id.* The district court explained that these admissions demonstrated that Smith engaged in "assault with a dangerous weapon in aid of racketeering activity in violation of 18 U.S.C. § 1959(a)(3)." *Id.* at 212. The district court concluded that assault with a dangerous weapon qualifies as a crime of violence under § 924(c)'s elements clause and observed that various other district courts had reached a similar conclusion. *Id.* (citing *United States v. Mills*, 378 F. Supp. 3d 563, 582 (E.D. Mich. 2019); *Davis v. United States*, 430 F. Supp. 3d 141 (E.D. Va. 2019); *United States v. Cousins*, 198 F. Supp. 3d 621, 627 (E.D. Va. 2016)). Our own precedent has also held that assault with a dangerous weapon is "categorically a crime of violence under § 924(c)'s elements clause." *United States v. Muskett*, 970 F.3d 1233, 1242 (10th Cir. 2020). Because Smith's guilty plea established a qualifying crime of violence, this argument fails as well.

Smith's third argument is that the "district court erred in finding a crime of violence using [a] 'case-specific theory'" instead of employing the categorical approach. Aplt. Br. at 11. Our caselaw requires that courts use the categorical approach when determining whether a crime of violence has "as an element the use, attempted use, or threatened use of violent force against the person or property of another." *United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019). Under the categorical approach, we look "only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction." *Id.* Smith asserts that because the underlying crime of assault with a dangerous weapon was not specifically mentioned during Smith's indictment or plea agreement, "[i]t is

7

unconstitutional for the court to define criminal behavior on its own, of 'facts' not alleged and proven by the United States, or admitted by the defendant." *Id.* at 20. Here, the district court considered only the facts admitted by Smith in the plea agreement to determine that those acts met the elements of assault with a dangerous weapon. The district court then (correctly) employed the categorical approach, and recounted the elements of assault with a dangerous weapon (as opposed to the facts of Smith's crime) and evaluated them under § 924(c)'s elements clause to confirm that assault with a dangerous weapon qualified as a crime of violence. ROA, Vol. 2 at 212–13. As the district court concluded, the crime of assault with a dangerous weapon is a crime of violence under § 924(c)'s elements clause because the crime "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c). The district court further explained (as discussed above) that Smith's "§ 924(c) conviction is valid despite the fact that Smith was neither charged with, nor convicted of, a separate crime of violence" and observed that both the indictment and information "adequately informed defendant of the offense for which he was charged and fully set forth all necessary elements of the offense for which defendant was prosecuted." *Id.* The district court correctly applied the categorical approach to the crime at issue, and Smith's third argument fails.

Smith's fourth argument is that he has established his actual innocence because the government did not establish an underlying crime of violence. Aplt. Br. at 21–22. Like his earlier arguments, this one fails, because the factual basis Smith admitted in the plea agreement shows that he engaged in a "crime of violence . . . for which [a] person may be

prosecuted in a court of the United States" while brandishing a firearm. 18 U.S.C.

§ 924(c). That is, Smith has not shown his actual innocence of this charge. To the

contrary, Smith's plea agreement and guilty plea confirm his actual guilt.

Smith's fifth and final argument is that "[t]he district court erred in ruling that

defendant's counsel was effective" in negotiating his plea agreement. Aplt. Br. at 22.

Smith argues that his "[c]ounsel was negligent in advising" Smith to accept a plea

because "all of the elements were not met." *Id.* at 23. Specifically, Smith argues that his

counsel "never informed the defendant that brandishing was not a qualifying predicate

crime; that a predicate crime had to be alleged and proven; or that he was pleading to the

predicate crime of assault with a dangerous weapon in and of racketeering." *Id.*

Under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), we reverse a

conviction for ineffective assistance of counsel only where the defendant can show that

his counsel's performance was "deficient . . . [and] that the deficient performance

prejudiced the defense." This review of counsel's performance in negotiating a plea

agreement is "highly deferential" and we must apply a "strong presumption that counsel's

conduct falls within the wide range of reasonable professional assistance." *Knowles v.

Mirzayance*, 556 U.S. 111, 124 (2009). Smith has failed to show either that his counsel's

performance was deficient or that that deficient performance prejudiced Smith. As the

district court noted, Smith's counsel was able to negotiate a substantial reduction in his

prison sentence through the plea agreement. ROA, Vol. 2 at 214 (observing that although

the indictment charged three crimes whose potential sentences ranged from 262 months

to life, Smith's counsel obtained "a plea that resulted in dismissal of two out of three of

9

those charges and a below-guidelines sentence of 120 months, along with a concession by the United States not to add any charges arising from the underlying conduct."). The district court correctly concluded that "Smith received constitutionally effective assistance of counsel during the plea process." *Id.* at 215. Smith's ineffective assistance of counsel argument therefore fails.

## IV

For the foregoing reasons, we DENY Smith's request for a COA on his § 2255 petition and DISMISS the matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

10