**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4705**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

CLYON HINNANT,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, Senior District Judge.  (5:11-cr-00354-H-1)

Submitted:  March 20, 2013          Decided:  April 19, 2013

Before KING, DIAZ, and THACKER, Circuit Judges.

Dismissed in part; affirmed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clyon Hinnant appeals his conviction and 48-month sentence, following a guilty plea, to one count of receiving a bribe as a public official, in violation of 18 U.S.C. § 201(b)(2) (2006), and one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2006). (E.R. 84-90, 181-86). Hinnant's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court abused its discretion by failing to make an individualized assessment of Hinnant's situation when it refused to grant a downward variance. Hinnant was notified of his right to file a supplemental pro se brief but has not done so. The Government has moved to dismiss the appeal, asserting that the appeal is precluded by Hinnant's waiver of appellate rights in his plea agreement. We dismiss in part and affirm in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). An appellate waiver must be "the result of a knowing and intelligent decision to forgo the right to appeal." United States v. Broughton-Jones, 71 F.3d 1143, 1146 (4th Cir. 1995) (internal quotation marks and citation omitted). This court reviews de novo whether a

defendant has effectively waived the right to appeal. <u>United States v. Marin</u>, 961 F.2d 493, 496 (4th Cir. 1992).

To determine whether a waiver was knowing and intelligent, we examine the totality of the circumstances, including the defendant's experience, conduct, educational background, and familiarity with the plea agreement's terms. <u>United States v. General</u>, 278 F.3d 389, 400 (4th Cir. 2002). Generally, if a court fully questions a defendant regarding the appellate waiver during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. <u>United States v. Johnson</u>, 410 F.3d 137, 151 (4th Cir. 2005). However, we will not enforce an otherwise valid waiver if enforcing the waiver would result in a miscarriage of justice. <u>Id.</u>

Our review of the record shows that Hinnant knowingly and voluntarily waived the right to appeal his sentence. We further conclude that the issue Hinnant now asserts on appeal is within the scope of the waiver. Hinnant waived the right to appeal his sentence unless the district court imposed a sentence in excess of the applicable Guidelines range. Because Hinnant challenges the reasonableness of his sentence, and the district court imposed a within-Guidelines sentence, the issue Hinnant seeks to raise on appeal falls squarely within the scope of the appellate waiver. We therefore grant the Government's motion to dismiss Hinnant's appeal of his sentence.

3

The waiver provision, however, does not preclude our review of Hinnant's conviction pursuant to Anders. Prior to accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines that the defendant understands: the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). Additionally, the district court must ensure that the defendant's plea was voluntary and supported by a factual basis. Fed. R. Crim. P. 11(b)(2), (3). Because Hinnant did not seek to withdraw his guilty plea or otherwise object during his Rule 11 hearing, this court reviews his plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002).

We find that the district court substantially complied with Rule 11 in accepting Hinnant's plea. Although the district court failed to inform Hinnant that he could be prosecuted for perjury if he lied during the hearing, see Fed. R. Crim. P. 11(b)(1)(A), and did not explicitly state that Hinnant had the right to plead not guilty, see Fed. R. Crim. P. 11(b)(1)(B), we find that these minor omissions did not affect Hinnant's substantial rights. Accordingly, we find that Hinnant's plea was knowing and voluntary, and, consequently, final and binding.

4

See <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Hinnant's conviction, and dismiss the appeal as to his sentence. This court requires that counsel inform Hinnant, in writing, of his right to petition the Supreme Court of the United States for further review. If Hinnant requests that a petition be filed but counsel believes such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hinnant. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>