**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-6099

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LAMAR RICHARD LEE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Rebecca Beach Smith, Chief District Judge. (4:12-cr-00105-RBS-LRL-1; 4:14-cv-00148-RBS)

Argued: September 21, 2016                                    Decided: April 25, 2017

Before GREGORY, Chief Judge, and NIEMEYER and HARRIS, Circuit Judges.

Affirmed by published opinion. Chief Judge Gregory wrote the opinion, in which Judge Niemeyer and Judge Harris joined.

**ARGUED:** Geremy C. Kamens, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Richard Daniel Cooke, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee. **ON BRIEF:** Sean E. Andrussier, Daniel Driscoll, Student, Will Fox, Student, Ryan Weiss, Student, DUKE UNIVERSITY SCHOOL OF LAW, Durham, North Carolina, for Appellant. Dana J. Boente, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

GREGORY, Chief Judge:

This Court issued a certificate of appealability ("COA") in this matter to permit Appellant Lamar Richard Lee, a federal prisoner, to challenge the district court's denial of his motion under 28 U.S.C. § 2255. After holding this case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), we now affirm the district court's judgment.

On March 18, 2013, Lee pled guilty to three counts of possession with intent to distribute cocaine, cocaine base, and heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Prior to sentencing, the U.S. Probation Office prepared a presentence report ("PSR") finding that, because of Lee's 2008 Virginia convictions for unlawful wounding and for possession of cocaine with intent to distribute, he qualified for a sentence enhancement as a "career offender" under U.S. Sentencing Guidelines § 4B1.1. Lee's trial counsel made no objections to the sentencing factors in the PSR. On June 14, 2013, the district court sentenced Lee as a career offender and imposed an enhanced sentence of 188 months' imprisonment.

Lee appealed his sentence, in part to challenge the reasonableness of his sentence. This Court affirmed the sentence, concluding that "the district court accurately calculated the applicable Guidelines range and did not commit procedural error when sentencing Lee." *United States v. Lee*, 559 F. App'x 251, 252 (4th Cir. 2014). Lee later filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Lee asserted that his trial counsel was constitutionally ineffective because, during the sentencing

2

hearing, his counsel failed to challenge the district court's determination of his career offender status. Lee specifically argued that his unlawful wounding conviction did not qualify as a "crime of violence" under § 4B1.2 of the Guidelines. The district court denied Lee's motion and concluded that Lee's counsel was not ineffective because the unlawful wounding conviction did in fact qualify as a crime of violence under the residual clause of § 4B1.2(a)(2).[1]

On January 20, 2015, Lee timely noted this appeal, but the district court declined to issue a COA. On February 24, 2015, Lee filed a motion for a COA, asserting for the first time that the residual clause in § 4B1.2(a)(2) may be unconstitutionally vague. On June 26, 2015, the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015), held that the nearly identical residual clause in the violent felony definition of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.[2] On August 31, 2015, this Court granted Lee's motion and issued a COA regarding whether *Johnson* rendered the district court's conclusion debatable.[3] ECF No. 21.

---

[1] At the time Lee was sentenced, § 4B1.2(a) of the Guidelines, in relevant part, defined a crime of violence as an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." U.S. Sentencing Guidelines Manual § 4B1.2(a)(2) (U.S. Sentencing Comm'n 2013) (emphasis added). The italicized language is referred to as the residual clause.

[2] The residual clause in the ACCA defines a violent felony as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

[3] The COA also stated that "[i]mplicit in this issue is whether *Johnson* applies retroactively to cases on collateral review." Several months after this Court issued the (Continued)

3

As a threshold matter, Lee argues that this case should not be limited to his ineffective assistance of counsel claim, maintaining that "[b]ecause Johnson was decided while this case was pending, this Court has the authority to review a freestanding claim for relief based on that intervening change in law." Reply Br. at 1. The government contends that Lee forfeited any vagueness challenge to the residual clause in § 4B1.2(a)(2) by failing to include such a claim in his § 2255 motion. We need not resolve this procedural issue, however, for it is now clear that even if Lee could overcome the government's assertion of forfeiture, his claim challenging a provision of the Guidelines as unconstitutionally vague would nonetheless fail on the merits.

Recently, the Supreme Court concluded that the Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles*, 137 S. Ct. at 892. The Court reasoned that unlike the ACCA's residual clause, which fixed the permissible range of sentences for certain defendants, the Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id.* The Court observed that before the Guidelines were created, its cases never suggested that a statute conferring discretion to a district court to select a sentence within a statutory range could be successfully challenged as vague, even when that discretion was unfettered. *Id.* at 892–93. The Court surmised that "[i]f a system of unfettered discretion is not unconstitutionally vague, then it is difficult to see how the present system of guided

COA, the Supreme Court in *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016), explicitly held that *Johnson* has a retroactive effect in cases on collateral review.

discretion could be." *Id.* at 894. Further, the Guidelines "do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* As such, the Guidelines are not amenable to a vagueness challenge. *Id.*

In short, *Johnson*'s vagueness holding does not apply to the residual clause in § 4B1.2(a)(2). *See id.* at 892. Accordingly, the Court concludes that the district court did not err by determining that Lee's unlawful wounding conviction qualified as a crime of violence under the residual clause.

For the foregoing reasons, the district court's judgment is

*AFFIRMED*.