**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4784**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID LENZIE PURGASON, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:15-cr-00104-LCB-1)

Submitted:  April 14, 2017                                    Decided:  May 11, 2017

Before KING, SHEDD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, Winston-Salem, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Stephen T. Inman, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Lenzie Purgason, Jr., pled guilty to possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (2012). The district court calculated Purgason's Guidelines range under the U.S. Sentencing Guidelines Manual (2014) at 70 to 87 months' imprisonment and sentenced Purgason to 87 months' imprisonment. On appeal, Purgason challenges his sentence, arguing that the district court erred in calculating his base offense level at 24 under U.S.S.G. § 2K2.1(a)(2) because he lacks a predicate qualifying felony conviction of a crime of violence. We affirm.

This court reviews criminal sentences for abuse of discretion. *United States v. Dodd*, 770 F.3d 306, 309 (4th Cir. 2014). "Improper calculation of the Guidelines range is an abuse of discretion." *Id.* "In such a situation, the resulting sentence is procedurally unreasonable and subject to being vacated." *Id.* (internal quotation marks omitted). Because both parties agree that the de novo standard applies to our review, we need not decide whether Purgason properly preserved the crime of violence issue by objecting generally to his base offense level calculation. We proceed de novo.

Section 2K2.1(a)(2) of the Guidelines provides for the application of a base offense level of 24 "if the defendant committed any part of the instant offense[1] subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(2). A "felony conviction" means "a prior adult

---

[1] This Guideline applies to defendants, like Purgason, convicted of violating 18 U.S.C. § 922(g). U.S.S.G. § 2K2.1 cmt.

2

federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year," and a "crime of violence" has "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." U.S.S.G. § 2K2.1 cmt. n.1. Under the version of U.S.S.G. § 4B1.2(a) applied in this case, a "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(1)–(2).

Purgason concedes that his prior North Carolina state conviction for possession with intent to sell and deliver marijuana qualifies as a predicate felony conviction of a controlled substance offense. Further, after review of the record, we conclude that Purgason's prior North Carolina state conviction for common law robbery—which no party suggests was anything other than punishable by imprisonment for a term exceeding one year—is properly considered a crime of violence under U.S.S.G. § 4B1.2(a)(2).[2] Because Purgason committed the instant possession offense subsequent to sustaining two felony convictions of either a crime of violence or a controlled substance offense, the district court did not err in calculating his base offense level at 24 pursuant to U.S.S.G. § 2K2.1(a)(2).

---

[2] In light of this conclusion, we need not consider whether Purgason's prior North Carolina state conviction for second-degree burglary qualifies as a crime of violence.

3

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*