**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-4303**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARTAVEOUS DONTA KELLY,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:14-cr-00354-CCE-1)

---

Submitted: July 17, 2017                              Decided: July 21, 2017

---

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Martaveous Donta Kelly pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). The district court calculated Kelly's Guidelines range under the U.S. Sentencing Guidelines Manual (2014) at 100 to 120 months' imprisonment and sentenced Kelly to 110 months' imprisonment. On appeal, Kelly challenges his sentence, arguing that the district court erred in calculating his base offense level at 24 under USSG § 2K2.1(a)(2) because he lacks a predicate qualifying felony conviction of a crime of violence. We affirm.

We review Kelly's challenge for plain error because he did not object in the district court to the application of USSG § 2K2.1(a)(2). *United States v. Hargrove*, 625 F.3d 170, 183-84 (4th Cir. 2010). To establish plain error, Kelly must show that (1) the district court erred, (2) the error was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013). A "plain" error is one that is "clear" or "obvious," *United States v. Olano*, 507 U.S. 725, 734 (1993), under "the settled law of the Supreme Court or this circuit." *United States v. Carthorne*, 726 F.3d 503, 516 (4th Cir. 2013) (internal quotation marks omitted). In other words, the presence of the error must be beyond reasonable dispute. *United States v. Marcus*, 560 U.S. 258, 262 (2010).

Section 2K2.1(a)(2) of the Guidelines provides for the application of a base offense level of 24 "if the defendant committed any part of the instant offense[*] subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." USSG § 2K2.1(a)(2). A "felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year," and a "crime of violence" has "the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." USSG § 2K2.1 cmt. n.1. Under the version of USSG § 4B1.2(a) applied in this case, a "crime of violence" means "any offense under federal or state law, punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" or "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(1)-(2).

Kelly concedes that his prior North Carolina state conviction for possession with intent to sell and deliver cocaine qualifies as a predicate felony conviction of a controlled substance offense. Further, after review of the record, we conclude that Kelly's prior North Carolina state convictions for common law robbery—which no party suggests were anything other than punishable by imprisonment for terms exceeding one year—are

---

[*] This Guideline applies to defendants, like Kelly, convicted of violating 18 U.S.C. § 922(g). USSG § 2K2.1 cmt.

3

properly considered crimes of violence under USSG § 4B1.2(a)(2). Because Kelly committed the instant possession offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense, the district court did not plainly err in calculating his base offense level at 24 pursuant to USSG § 2K2.1(a)(2).

We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*