**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 16-4478**

—————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RONNIE HAMILTON, JR.,

        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Robert G. Doumar, Senior District Judge.  (4:16-cr-00006-RGD-LRL-1)

—————————

Submitted:  July 26, 2017                       Decided:  August 17, 2017

—————————

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Geremy C. Kamens, Federal Public Defender, Caroline S. Platt, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Andrew W. Grindrod, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Christopher Catizone, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronnie Hamilton, Jr., pled guilty without a plea agreement to being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924 (2012). He was sentenced to a term of 32 months' imprisonment. Hamilton alleges on appeal that the district court procedurally erred by incorrectly calculating his Sentencing Guidelines range. We affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under this standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, this court considers whether, among other things, the district court properly calculated the defendant's advisory Guidelines range. *Id.* at 49-51. Hamilton asserts that the district court miscalculated his Guidelines range by erroneously finding that his prior conviction in Virginia for unlawful wounding qualified as a crime of violence, pursuant to U.S. Sentencing Guidelines Manual §§ 2K2.1(a)(4)(A), 4B1.2 (2015), and enhancing his base offense level accordingly.

Hamilton's claim is unavailing. The Supreme Court recently held in *Beckles v. United States*, 137 S. Ct. 886 (2017), that the Guidelines are not subject to a vagueness challenge under the Fifth Amendment's Due Process Clause. *Id.* at 892, 895, 897. The Court explained that, unlike the Armed Career Criminal Act's residual clause, which was invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015), "§ 4B1.2(a)'s residual clause is not void for vagueness." *Id.* at 895, 897. Hamilton's Virginia conviction for unlawful wounding remains a crime of violence under the residual clause post-*Beckles*,

2

notwithstanding that the Government conceded in the district court that the residual clause was void for vagueness. *See United States v. Lee*, 855 F.3d 244, 247 (4th Cir. 2017) (holding that Virginia conviction for unlawful wounding qualified as a crime of violence under the career offender guideline's residual clause).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*