**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4025**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LORENZO JAMAL CLEGG,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:15-cr-00207-WO-1)

Submitted:  November 16, 2017                    Decided:  December 4, 2017

Before NIEMEYER, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Kyle D. Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lorenzo Jamal Clegg appeals the 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2012). On appeal, Clegg challenges the district court's application of an enhanced base offense level under *U.S. Sentencing Guidelines Manual* § 2K2.1(a)(4)(A) (2015), based on its finding that he committed the § 922(g) offense after sustaining a felony conviction for a crime of violence, to wit: consolidated North Carolina convictions for common law robbery and conspiracy to commit robbery with a dangerous weapon.

On appeal, Clegg initially argued that, in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and this court's intervening decision in *United States v. Gardner*, 823 F.3d 793 (4th Cir. 2016), his prior convictions did not categorically qualify as crimes of violence under any provision of the applicable Sentencing Guideline. Before the Government filed a response brief, however, we placed the appeal in abeyance for the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), among other cases. After *Beckles* issued and the case was removed from abeyance, Clegg filed a supplemental brief arguing that, despite the holding in *Beckles*, the applicable Guideline's residual clause and commentary were ineffective to classify his offenses as crimes of violence. In response, the Government argues that the enhancement was properly applied. For the reasons that follow, we affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). We first determine

whether the district court committed significant procedural error, such as incorrectly calculating the Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) (2012) factors, or insufficiently explaining the sentence imposed. *United States v. Dowell*, 771 F.3d 162, 170 (4th Cir. 2014).

When considering the district court's Guidelines calculations, we review the district court's "factual findings for clear error and its legal conclusions de novo." *United States v. Dodd*, 770 F.3d 306, 309 (4th Cir. 2014) (internal quotation marks omitted). "We review de novo the question whether a prior state conviction constitutes a predicate felony conviction for purposes of a federal sentence enhancement." *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014). In so doing, "we may affirm on any grounds apparent from the record." *United States v. Riley*, 856 F.3d 326, 328 (4th Cir. 2017) (internal quotation marks omitted), *cert. denied*, __ U.S.L.W. __ (U.S. Oct. 2, 2017) (No. 17-5559).

Clegg received an enhanced base offense level under U.S.S.G. § 2K2.1(a)(4)(A), which applies if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." For purposes of this section, "crime of violence" is defined as an offense punishable by more than a year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [(the 'force clause')], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [(the 'enumerated offenses clause')], or otherwise involves conduct that

3

presents a serious potential risk of physical injury to another [(the 'residual clause')]."[1] U.S.S.G. § 4B1.2(a); *see* U.S.S.G. 2K2.1 cmt. n.1.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), similarly reaching offenses that "involve[] conduct that presents a serious potential risk of physical injury to another," *see* 18 U.S.C. § 924(e)(B)(ii) (2012), was unconstitutionally vague. 135 S. Ct. at 2563. In *Beckles*, however, the Supreme Court declined to extend *Johnson*'s reasoning to the Guidelines, holding that "the Guidelines are not subject to a vagueness challenge under the Due Process Clause," and thus the residual clause of U.S.S.G. § 4B1.2(a)(2) "is not void for vagueness." *Beckles*, 137 S. Ct. at 892.

In his opening brief, Clegg contends that his prior North Carolina offenses could not be classified as crimes of violence under any clause of U.S.S.G. § 4B1.2(a). However, Clegg's original arguments with respect to the residual clause are based on the premise that *Johnson*'s rationale applies with equal force to the Guidelines—an argument wholly foreclosed by *Beckles*. After *Beckles*, "we must now apply § 4B1.2(a) with all its relevant language, including the residual clause and any Guidelines Commentary that may explain it," in determining whether a prior offense qualifies as a predicate crime of violence. *United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017); *see Riley*, 856 F.3d

---

[1] The Sentencing Commission amended U.S.S.G. § 4B1.2(a) effective August 1, 2016, removing the residual clause from U.S.S.G. § 4B1.2(a)(2). *See* U.S.S.G. app. C supp., amend. 798 (2016). That revision was not in effect at the time of Clegg's sentencing.

at 328; *United States v. Lee*, 855 F.3d 244, 247 (4th Cir. 2017); *see also United States v. Thompson*, __ F.3d __, __, No. 15-4685, 2017 WL 4818870, at \*2-5 (4th Cir. Oct. 26, 2017) (applying U.S.S.G. § 4B1.2(a)(2)'s residual clause).

The Government correctly asserts that North Carolina common law robbery and North Carolina conspiracy to commit robbery with a dangerous weapon qualify as crimes of violence under the residual language of U.S.S.G. § 4B1.2(a)(2). Indeed, Clegg does not seriously contend otherwise. And although Clegg invites us to consider whether the residual clause in U.S.S.G. § 4B1.2(a)(2) suffers a vagueness problem separate and apart from the constitutional dimensions recognized in *Johnson*, we find his arguments in this vein unpersuasive.[2] *See United States v. Wurie*, 867 F.3d 28, 32-33 (1st Cir. 2017), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Nov. 9, 2017) (No. 17-6707).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Because we conclude that Clegg's offenses are properly classified as crimes of violence under the residual clause, we need not address Clegg's remaining arguments concerning the force clause and Guidelines commentary.