**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4189**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JARRETT TERRELL EDWARDS,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:16-cr-00248-RJC-DSC-1)

Submitted:  September 21, 2018                    Decided:  December 6, 2018

Before NIEMEYER and KEENAN, Circuit Judges, and Norman K. MOON, Senior United States District Judge for the Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

Norman Butler, LAW OFFICE OF NORMAN BUTLER, Charlotte, North Carolina, for Appellant.  R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jarrett Terrell Edwards appeals his 192-month sentence imposed following his guilty plea to Hobbs Act robbery conspiracy and armed bank robbery, in violation of 18 U.S.C. §§ 1951(a); 2113(a) and (d); and § 2. Edwards challenges the district court's application of the career offender enhancement, *U.S. Sentencing Guidelines Manual* § 4B1.1(a) (2014), arguing that one of the two prior convictions considered as a violent crime, North Carolina common law robbery, is not a "crime of violence." Edwards also challenges the court's denial of his request for a downward variance. The appellate waiver contained in Edwards's plea agreement permits an appeal based on the application of the career offender enhancement, but bars appellate review of the denial of a variance. Because North Carolina common law robbery is a crime of violence under the Guidelines, we affirm.

We first consider the district court's application of the 2014 Guidelines career offender enhancement, U.S.S.G. § 4B1.1(a).[1] "We review *de novo* the question whether a prior state conviction constitutes a predicate felony conviction for purposes of a federal sentence enhancement." *United States v. Valdovinos*, 760 F.3d 322, 325 (4th Cir. 2014).

The district court correctly applied the career offender enhancement to Edwards if: "(1) the defendant was at least eighteen years old at the time the defendant committed the

---

[1] The district court applied the 2014 Guidelines due to *ex post facto* concerns. J.A. 83. No party contests that decision, and we note that the outcome of this appeal would not change under the 2016 Guidelines, because, in *United States v. Gattis*, we held that "North Carolina common law robbery categorically qualifies as 'robbery,' as that term is used within § 4B1.2(a)(2)" of the 2016 Guidelines. 877 F.3d 150, 156 (4th Cir. 2014).

2

instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

A "crime of violence" is an offense punishable by more than a year of imprisonment that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another [the force clause], or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives [the enumerated clause], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the residual clause]."[2] U.S.S.G. § 4B1.2(a).

There is no dispute that Edwards has at least one of the requisite convictions due to his prior conviction of robbery with a dangerous weapon. In his opening brief, Edwards advances only one argument against the application of the career offender enhancement: his prior offense of North Carolina common law robbery is not a crime of violence despite the inclusion of "robbery" in Application Note 1 of the commentary to § 4B1.2. U.S.S.G. § 4B1.2(a) cmt. (n.1) (2014). "Commentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. U.S.*, 508 U.S. 36, 38 (1993). Edwards does not argue that Application Note 1

---

[2] The Sentencing Commission amended U.S.S.G. § 4B1.2(a) effective August 1, 2016, to remove the residual clause from U.S.S.G. § 4B1.2(a) and include robbery in the enumerated clause. *See* U.S.S.G. app. C supp., amdn. 798 (2016).

runs afoul of *Stinson*, so we proceed as if the Application Note is authoritative and robbery is part of the 2014 version of § 4B1.2(a).[3]

Edwards's argument, then, is based on the premise that common law robbery does not match the generic definition of "robbery" as used in the Guidelines. But our precedent holds that North Carolina common law robbery *is* a categorical match with generic robbery. *United States v. Gattis*, 877 F.3d 150, 158 (4th Cir. 2017) (interpreting the 2016 Guidelines). Edwards's common law robbery conviction was therefore a crime of violence, giving him two qualifying convictions and making the career offender enhancement applicable.[4]

We next turn to the district court's denial of a variance. At the threshold, we must address the issue of Edwards's appellate waiver. A defendant may waive his appellate rights pursuant to a plea agreement. *United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010). Appeal of an issue is precluded where an appellate waiver is valid and the issue is within the scope of the waiver. *United States v. Blick*, 408 F.3d 162, 168 (4th

---

[3] Even if Edwards had made an argument under *Stinson*, the enhancement would still apply because North Carolina common law robbery is a crime of violence under the residual clause of § 4B1.2(a). *See United States v. Clegg*, 714 F. App'x 227 (4th Cir. 2017); *United States v. Kelly*, 700 F. App'x 220 (4th Cir. 2017); and *United States v. Purgason*, 689 F. App'x 174 (4th Cir. 2017).

[4] After our decision in *Gattis* was released, Edwards filed a supplemental opening brief detailing a due process objection to the use of the categorical approach, which prevents factual inquiries into whether a prior conviction was for a crime of violence. We find this argument meritless and belied by Supreme Court precedent commanding the categorical approach. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2017); *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015); *Shepard v. United States*, 544 U.S. 13, 22 (2005).

Cir. 2005). We review the validity and scope of an appellate waiver *de novo*. *Manigan*, 592 F.3d at 626.

Generally, an appellate waiver is valid if "a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). Edwards does not contest the validity of the waiver, and a review of the record indicates the district court ensured that Edwards read the plea agreement, discussed it with counsel, and understood its consequences. J.A. 70–71.

Concerning scope, the waiver covers all rights to contest Edwards's conviction and sentence, except for claims of ineffective assistance of counsel, prosecutorial misconduct, and the applicability of the career offender enhancement under U.S.S.G. § 4B1.1. J.A. 34. Where similarly broad language has been used, we have held a refusal to grant a variance is within the waiver's scope. *United States v. Hinnant*, 523 F. App'x 936, 937–38 (4th Cir. 2011). Because the waiver is valid and the court's denial of Edwards's request for a downward variance is within the scope of the waiver, review of that determination is precluded.

We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument would not aid the decisional process.

*AFFIRMED*